IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARQUES NOLAN-BEY,
          Plaintiff,

v.                                      Case No. 17-1196-JTM

WICKHAM GLASS, INC. ;
GREG WICKHAM; and
JEFF WOLFE,

          Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Marques Nolan-Bey[1] filed a *pro se* complaint alleging that he was discriminated against in connection with an application for employment with defendant Wickham Glass, Inc. [2] (Dkt. 1). The matter is now before the court on the defendants' motion to dismiss the complaint (Dkt. 12) and on plaintiff's motion for summary judgment (Dkt. 14).

**I. Summary of Complaint**

The complaint is somewhat difficult to decipher, as it includes references to irrelevant items such as peace treaties between the United States and Morocco and the Articles of Confederation.[3] Aside from these matters, plaintiff alleges that he is an

---

[1] The complaint indicates that plaintiff's name is "Marques Nolan-Bey, Ex. Rel. Marques V. Nolan II." Dkt. 1 at 1.

[2] The defendants' response indicates the company's name is actually Wickham Industries, Inc. (Dkt. 13 at 1).

[3] Plaintiff included similar allegations in *Galt-Ventures, Inc. v. Nolan*, No. 17-1205-JTM and No. 17-1206-JTM, a pair of debt-dispute cases the court recently dismissed. In disputing the debts, Nolan-Bey alleged that an order of a Sedgwick County District Judge directed to "MARQUES V. NOLAN II" was a

"Aboriginal Indigenous Moorish-American" and is "a descendant of Moroccans and born in America, with the blood of the ancient Moabites from the Land of Moab, who received permission from the Pharoahs of Egypt to settle and inhabit North-West Africa/North Gate." (Dkt. 1 at 2). The Moors are allegedly "the founders and are the true possessors of the present Moroccan Empire; with our Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes." (*Id*.).

Plaintiff alleges he was "working a temporary assignment at Wickham glass through Elite Staffing," apparently from August 2015 to February 2016, and that he and plant manager Jeff Wolfe "had a verbal contract that he [Wolfe] was going to hire" plaintiff. Wolfe allegedly moved plaintiff to the custodial department, where he was expected to go through training, but plaintiff was "deprived of his training and stripped of his equal rights as an employee to be properly trained by a qualified trainer." (*Id*.). Plaintiff was allegedly "discriminated against because all other co-workers received employee hand books and proper training," but the day custodian couldn't properly train him due to overtime restrictions, so the trainer "just verbally told [plaintiff] what needs to be done and where the equipment is located." This failure to train allegedly meant plaintiff "couldn't properly do his required job therefore [plaintiff] [lost] his job before [the] application was turned in." (*Id*.).

---

"misnomer and CORPORATE – NAME … [and] is clearly (an artificial - person / entity); is not me, the Natural Person; is a deliberate grammatical error, intended for injury to me; and is clearly not of consanguine relationship to me or my nationality, in any form, truth, or manner; nor to my Moorish Family Bloodline." (No. 17-1205, Dkt. 1 at 4-5). Another complaint concerning a debt was dismissed by Judge Melgren in *Nolan-Bey v. Hansen*, No. 17-1214. The complaint in that case appears to be a partial copy of the complaint in the instant case, and in fact contains a reference to Jeff Wolfe (No. 17-1214-EFM, Dkt. 1 at 3), although Wolfe had no apparent relation to that case.

Plaintiff demands that "if any unconstitutional charges be found," that they "be placed upon the defendants," and alleges that Wickham Glass violated 18 U.S.C. § 241 and 8 U.S.C. § 1503. Plaintiff also seeks compensatory and punitive damages against Greg Wickham, president of Wickham Glass, and against Wolfe. (Dkt. 1 at 7-8).

## II. Standards Governing Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.' " *The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1106–07 (10th Cir. 2016), *cert. denied sub nom. Lockett v. Fallin*, 137 S. Ct. 2298 (2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the non-moving party. *See Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555. Moreover, "[t]he tenet that a court must accept as true all of the allegations contained a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**III. Discussion**

Defendants correctly point out that plaintiff fails to state a valid claim for relief under any of the federal laws specifically mentioned in the complaint. For example, 18 U.S.C. § 241 is a criminal statute that does not permit a private cause of action. *See Henry v. Albuquerque Police Dep't*, 49 Fed.App'x 272, 273, 2002 WL 31379859 (10th Cir. 2012) ("these criminal statutes [§§ 241 and 242], like other such statutes, do not provide for a private civil cause of action").  Section 1503 of Title 8, U.S. Code, also cited in the complaint, applies where a "department or independent agency" of the United States denies a person certain benefits "upon the ground that he is not a national of the United States." The defendants are not alleged to be agencies of the United States and have not denied plaintiff benefits on the grounds that he is not a U.S. national. The statute thus has no application. Neither do plaintiff's allegations concerning the Articles of Confederation or a peace treaty between the United States and Morocco have anything to do with a claim arising out of plaintiff's alleged employment application with Wickham. *Cf. El Ameen Bey v. Stumpf,* 825 F.Supp.2d 537, 558 (D.N.J.2011) ("[A] litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous.").

The complaint might be liberally construed to assert a claim for race or national origin discrimination under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq.  But defendants contend plaintiff has failed to exhaust administrative remedies on any Title VII claim. Plaintiff does not respond to that allegation and the record fails to

4

show that plaintiff has pursued any administrative remedies. Accordingly, the court determines that defendants are entitled to dismissal of any Title VII claim. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997) ("A plaintiff must first exhaust his administrative remedies before bringing suit under Title VII").

Finally, the complaint fails to state a claim for relief under any identifiable theory of state law such as breach of contract. Plaintiff's allegations that he and Wolfe had a "verbal contract that [Wolfe] was going to hire him" are conclusory and fail to plausibly show the existence of a legally enforceable agreement. Moreover, the complaint indicates that plaintiff did not submit an application for the custodial position, as it alleges that plaintiff "loss [sic] his job before [the] application was turned in." (Dkt. 1 at 3). Under the alleged facts, plaintiff has failed to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** this 29th day of November, 2017, that plaintiff's Motion for Summary Judgment (Dkt. 14) is DENIED, and that defendants' Motion to Dismiss For Failure to State a Claim (Dkt. 12) is GRANTED.

___s/ J. Thomas Marten_____  
J. THOMAS MARTEN, JUDGE